IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., a Delaware corporation, PFIZER IRELAND PHARMACEUTICALS, an Irish partnership, and WARNER-LAMBERT COMPANY, LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADIRONDACK MANUFACTURING CORPORATION., a corporation d/b/a WORLDMEDSRX.COM,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-280 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Whereas Pfizer Inc., Pfizer Ireland Pharmaceuticals and Warner-Lambert Company, LLC (collectively, "Plaintiffs" or "Pfizer"), have instituted this action against Defendant Adirondack Manufacturing Corporation d/b/a worldmedsrx.com ("Adirondack") for, *inter alia*, infringement of Plaintiffs' United States Patent No. 5,969,156 ("'156 patent") and United States Trademark Registration No. ___ for LIPITOR®;

WHEREAS, Adirondack admits its infringement of the '156 patent and the LIPITOR® trademark;

WHEREAS, the Plaintiffs and Adirondack have agreed to settle this action and to stipulate to the following Consent Judgment and Permanent Injunction:

IT IS ORDERED, ADJUDGED AND DECREED that final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure is entered as follows:

1.  This Court has jurisdiction over the parties and the subject matter of the complaint. Venue in this District is proper.

2. Warner-Lambert Company, LLC is the legal owner of the '156 patent;

3. Pfizer Ireland Pharmaceuticals is the legal owner of the LIPITOR® trademark;

    (a) Pfizer Inc. is the legal owner of ___;

4. The '156 patent is valid, enforceable and infringed by Adirondack's importation into and sale within the United States of a product containing the atorvastatin compound covered by the claims of the '156 patent sold by Adirondack under the STORVAS brand name and promoted by Adirondack as "generic Lipitor";

5. The LIPITOR® trademark is valid, enforceable, distinctive, famous, and infringed by, *inter alia*, Adirondack's use of this trademark on its website in metatags and otherwise to promote and sell STORVAS;

6. Adirondack, its members, officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them having notice of this Order, are hereby permanently enjoined from:

    a. Selling, shipping or otherwise distributing STORVAS, or any other pharmaceutical product which contains atorvastatin, in the United States;

    b. Utilizing any textual or visual features of Plaintiffs' LIPITOR® trademark or overall appearance;

    c. Using any designation, mark, term or title confusingly similar to any trademark owned or used by Pfizer or its subsidiaries or affiliated companies, including but not limited to the following Pfizer brand names: LIPITOR, VIAGRA, CARDURA, CELEBREX, DIFLUCAN, GLUCOTROL, NEURONTIN, NORVASC, ZITHROMAX, ZOLOFT, and ZYRTEC (hereinafter "Pfizer Trademarks").

    d.    Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive purchasers into believing that a product offered for sale by Defendant originates with or is a product of Pfizer or that there is any affiliation or connection between Pfizer and a non-Pfizer product and from otherwise competing unfairly with Pfizer;

    e.    Falsely claiming or otherwise implying that any product Defendant sells is the same as, equivalent to, as effective as, a substitute for, or a replacement for any product sold by Pfizer or its subsidiaries or affiliated companies, including, but not limited to, LIPITOR, LIPITOR, VIAGRA, CARDURA, CELEBREX, DIFLUCAN, GLUCOTROL, NEURONTIN, NORVASC, ZITHROMAX, ZOLOFT, and ZYRTEC (hereinafter "Pfizer Pharmaceutical Product");

    f.    Using any mark in a manner so as to cause the dilution of the distinctive quality of Pfizer's LIPITOR® trademark, or any of the Pfizer Trademarks; and

    g.    Offering for sale, sale, marketing, advertising or promotion (including on the Internet) any pharmaceutical product that has not been approved by the United States Food and Drug Administration for sale in the United States, as the chemical equivalent or generic version of any Pfizer Pharmaceutical Product.

7. If the Court finds that Defendant has violated this Order, Pfizer shall be entitled to (a) pursue any and all remedies available to it for such violation, including, but not limited to, seeking an order finding Defendant in contempt of the Order, and (b) an award of damages, attorneys' fees and costs incurred as a result of Pfizer's having to pursue such violation.

8. Pfizer's Complaint is dismissed without prejudice.

9. Each person executing this Order on behalf of a corporation or individual represents that he or she is authorized to do so.

10. This Order shall become effective immediately. The Clerk is directed to enter this Consent Judgment and Permanent Injunction.

11. Each party shall bear its own costs and attorneys' fees; and

12. This Court shall retain jurisdiction for the purpose of enforcing the provisions of this Consent Judgment and Permanent Injunction.

We hereby consent to the form and entry of the foregoing Order.

**(THIS SPACE INTENTIONALLY LEFT BLANK)**

| PFIZER INC. | ADIRONDACK MANUFACTURING CORP. |
|---|---|
| | d/b/a &lt;worldmedsrx.com&gt; |

By: _____
James D. Heisman, Esq. (# 2746)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE 19801

By: _____ pres
Name: CHARLES PRICE
Title: PRESIDENT
Date: 12-9-04


IT IS SO ORDERED this 31 day of October, 2005.

_____
U.S. District Court Judge